```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

A-1 FENCE & PATIO, INC. AND                CIVIL ACTION
LYLE TOOMER

VERSUS                                     NO: 07-1855

TRAVELERS PROPERTY CASUALTY                SECTION: R(3)
COMPANY OF AMERICA

### ORDER AND REASONS

Before the Court is defendant's motion for summary judgment. For the following reasons, the Court GRANTS defendant's motion.

**I.   BACKGROUND**

Plaintiffs A-1 Fence & Patio, Inc. and Lyle Toomer, both Louisiana citizens, sued defendant Travelers Property Casualty Company of America, a foreign corporation, in state court on March 5, 2007. A-1 leased a commercial building from Toomer that was destroyed in a fire on March 23, 2006. Plaintiffs seek to recover under A-1's insurance policy obtained from Travelers. They have brought claims for breach of contract and improper

claims adjustment and seek attorney's fees and penalties under La. Rev. Stat. §§ 22:658, 22:1220, in addition to coverage under the policy. Plaintiffs also assert a claim under Louisiana's Valued Policy Law (VPL), La. Rev. Stat. § 22:695, asserting that the fire completely destroyed the building and its contents. Travelers removed this case on diversity grounds.

## II. LEGAL STANDARDS

### A. Applying Louisiana Law

Because jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (quoting La. Civ. Code art. 1). In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (quoting *Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir.

1999)). To make an "*Erie* guess" on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

### B. Summary Judgment

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at

325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

At issue here is whether A-1's policy provides any coverage for damage to the leased building that was destroyed in the March 23, 2006 fire. Travelers argues that it is not liable because A-1 did not hold any business owner's property insurance. Further, it contends that the policy, by its own terms, does not cover damage to property that A-1 rented, unless A-1 became legally obligated to pay for such damage. Travelers maintains that A-1 is not so legally obligated, and therefore plaintiffs have no basis for recovery under the policy.

To determine whether Travelers violated the terms of the insurance policy, the Court must examine the insurance policy itself. Under Louisiana law, an insurance policy is a contract that constitutes the law between the parties, and it must be interpreted in accordance with the general rules of contract

interpretation set forth in the Louisiana Civil Code. *See Peterson v. Schimek*, 729 So. 2d 1024, 1028 (La. 1999) (citing La. Civ. Code art. 1793; *Ledbetter v. Concord Gen. Corp.*, 665 So. 2d 1166, 1169 (La. 1996); *Crabtree v. State Farm Ins. Co.*, 632 So. 2d 736 (La. 1994)); *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). The extent of insurance coverage is determined by the parties' intent as reflected by words in the policy. *See* La. Civ. Code art. 2045; *Peterson*, 729 So. 2d at 1028 (citing *Ledbetter*, 665 So. 2d at 1169). If the policy wording is clear, and it expresses the intent of the parties, the agreement must be enforced as written. La. Civ. Code art. 2046; *Pareti*, 536 So. 2d at 420. The policy must be construed as a whole, and one portion should not be construed separately at the expense of disregarding another. *Pareti*, 536 So. 2d at 420. If an ambiguity exists, the ambiguity must be construed in favor of the party seeking coverage. *Id.* The Court may not alter the terms of the policy under the guise of contract interpretation when the language of the policy is unambiguous. *Id.*

    The Court finds that plaintiffs are not entitled to any recovery against Travelers under A-1's policy. First, although A-1's policy included a provision for business owner's property coverage, A-1 did not obtain any limits under that type of coverage. A-1's policy explicitly and unambiguously states that

"[i]nsurance applies only to an item for which a 'limit' or the word 'INCLUDED' is shown." On the Declarations Page of A-1's policy, there are no limits shown for business owner's property coverage. (*See* R. Doc. 11-3 at 3.) Further, the Declarations Page specifies coverage for loss of business income is "not applicable." (*Id.*) There is no indication elsewhere in the policy, and plaintiffs do not argue, that A-1 actually obtained business owner's property coverage or paid a premium for such insurance. Therefore, plaintiffs cannot recover under that provision.

Second, plaintiffs cannot recover under the CGL coverage provision because it does not provide first-party coverage. Section I, Coverage A of the CGL provision specifies that Travelers

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

(CGL Coverage Form § I(1)(a)., R. Doc. 11-3 at 17.) The policy further specifies that A-1's CGL "insurance does not apply to:"

> "Property damage" to:
> (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person,

> organization or entity for repair, replacement, enhancement, restoration or maintenance or such property for any reason.

(CGL Coverage Form § I(2)(j), R. Doc. 11-3 at 20.) Section I(2) of the CGL form further provides that the above-quoted property damage exclusion ("exclusion j") does not "apply to damage by fire to premises while rented to you . . . . A separate limit of insurance applies to this coverage as described in Section III — Limits Of Insurance." (CGL Coverage Form § I(2), R. Doc. 11-3 at 21.) Section III of the CGL Coverage Form provides:

> [T]he Damage to Premises Rented To You Limit is the most we will pay under Coverage **A** for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by your with permission of the owner.

(CGL Coverage Form § III(6), R. Doc. 11-3 at 26 (emphasis in original).) Thus, under the terms of the Section III limits, coverage is still liability coverage, not first-party coverage, because it is payable under Coverage A. Under Coverage A, as noted, Travelers will provide coverage only for damage to premises rented to A-1 that A-1 "becomes legally obligated to pay," but it does not provide first-party coverage.

Under the unambiguous terms of its policy, A-1 cannot recover against Travelers for damage to the leased building because there is no evidence that A-1 has any legal obligation to pay for the fire damage. Plaintiffs' contend that there is a

genuine issue of material fact as to whether A-1's policy provides coverage because their fire cause and origin investigative expert, George Bradley, has opined that the fire that destroyed the building was probably caused by welding operations of one of A-1's employees. (*See* Bradley Aff., R. Doc. 20-5.) Although Bradley offers no opinion on whether the welding operations were conducted negligently, plaintiffs assert that there is a genuine issue over whether A-1's negligence caused the fire. Be that as it may, plaintiffs' arguments overlook that both Toomer and A-1 sought to recover against Travelers as first-party insureds, and no claim was advanced for A-1's negligence by a third party. Therefore, under the unambiguous terms of the policy, Travelers is not required pay A-1 for the fire damage.

Further, Toomer may not recover directly against Travelers. Plaintiffs, who claim nothing more than a lessor-lessee relationship, have jointly filed a contract complaint against *A-1's* insurer. Toomer, however, is not an insured under A-1's policy and has not sought or obtained a judgment that A-1 is liable to him for the fire that destroyed the leased building. Although plaintiffs now want to amend their complaint for Toomer to assert a direct action against Travelers, that request is denied. First, it comes to late, as trial is less than two weeks away and the deadline to amend pleadings has long passed. Second,

the Court would not have diversity jurisdiction over such a claim. Both Toomer and A-1 are Louisiana citizens. Under 28 U.S.C. § 1331(c)(1), a corporation is deemed to be a citizen of the state in which it is incorporated and where it has its principal place of business, except when a plaintiff takes a "direct action" against the corporation and the "insured is not joined as a party-defendant." In that circumstance, "such insurer shall be deemed a citizen of the State of which the insured is a citizen." 28 U.S.C. § 1332(c)(1). Thus, in such a suit against Travelers, there would be no diversity jurisdiction. Finally, the Court would not exercise supplemental jurisdiction under 28 U.S.C. § 1367 because the Court would have "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In short, A-1's CGL policy provides no bases of recovery for either A-1 or Toomer. A-1 insured itself only against damage to property for which it is legally obligated to pay. It has put forth no evidence that it has a legal obligation to pay for the fire damage. Toomer is not a named insured on the insurance policy at issue. Therefore, he has no claim for breach of contract against Travelers. Toomer might be able to recover against A-1 and Travelers if he obtains a judgment that A-1 was negligent, but he has asserted no such claim here, and the Court would not have jurisdiction over it if he did. Accordingly,

Travelers is entitled to summary judgment as a matter of law.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Travelers' motion for summary judgment and ORDERS that this case be DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 23rd day of April 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE